Peter R. Afrasiabi, Esq. (Bar No. 193336)
  pafrasiabi@onellp.com
John Tehranian, Esq. (Bar No. 211616)
  jtehranian@onellp.com
Imran F. Vakil (Bar No. 248859)
  ivakil@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
West Tower, Suite 1100
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

*Attorneys for Plaintiff,*
*Andrea Carter-Bowman Ltd.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA CARTER-BOWMAN Ltd. a United Kingdom Company, | Case No. 2:13-cv-01737-GW-JEM |
| Plaintiff, | **FRCP 26(f) JOINT REPORT** |
| v. | |
| BUZZMEDIA, INC., a California corporation, doing business as BUZZNET.COM; and DOES 1-10, inclusive, | **Date:**     **June 20, 2013**<br>**Time:**     **8:30 a.m.**<br>**Place:**    **Spring Street;**<br>              **Courtroom 10** |
| Defendants. | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's order of May 23, 2013, Plaintiff Andrea Carter-Bowman Ltd. ("Carter-Bowman") and Defendant Spinmedia, Inc. f/k/a Buzzmedia, Inc. ("Defendant") (collectively "the parties"), upon conferring, submit the following joint report.

I.   **MANUAL FOR COMPLEX LITIGATION [L.R. 26-1(a)]**

The parties agree that this action should not be handled as a "complex case" under the Manual for Complex Litigation.

II.   **INITIAL DISCLOSURES [FRCP 26(f)(3)(A)]**

No changes need to be made to the form or requirement for disclosures under Rule 26(a). The parties agree that discovery should be conducted according to the Federal Rules of Civil Procedure and the local rules for the United States District Court for the Central District of California unless otherwise specified herein, modified by stipulation or ordered by the Court.

III.   **DISCOVERY PLAN, PRIVILEGES AND ESI [FRCP 26(f)(3)(B)-(F)]**

The parties agree that discovery should take place pursuant to the Federal Rules of Civil Procedure and should not be limited or conducted in phases, except as provided by the Federal Rules of Civil Procedure. Discovery will generally be needed on all of the allegations set forth in the Complaint (and with special focus on infringement, ownership, and control), the allegations and contentions set forth in Defendant's Answer or otherwise asserted by Defendant, and the allegations and contentions contained in any future motion filed before the discovery cutoff.

The parties represent that they have taken steps to preserve discoverable information in accordance with their obligations under the Federal Rules of Civil Procedure.

Finally, the parties anticipate preparing and executing a two-tier protective order pursuant to FRCP 26(c) which shall be presented to the Court in due course.

## IV. FACT DISCOVERY [FRCP 26(f)(3)(B)]

The parties agree that fact discovery should be conducted pursuant to the Federal Rules of Civil Procedure and that the final day for the completion of fact discovery should be Monday, January 27, 2014.[1]  Written Discovery has commenced and is believed to continue through the discovery cutoff.

## V. EXPERT DISCOVERY [FRCP 26(f)(3)(B) and L.R.26-1(f)]

The parties agree that expert discovery should be conducted pursuant to the Federal Rules of Civil Procedure, as follows:

1. **Expert Disclosures**: Monday, February 10, 2014
2. **Rebuttal expert disclosures**: Thursday, March 6, 2014
3. **Expert discovery cutoff**: Monday, March 31, 2014

## VI. CASE SCHEDULE AND DISPOSITIVE MOTIONS [L.R. 26-1(b)]

The parties suggest the final schedule be set as follows:

1. **Dispositive motion cutoff**: Monday, June 16, 2014
2. **Final pre-trial conference**: Monday, September 8, 2014
3. **Trial**: Monday, September 29, 2014

## VII. ANTICIPATED DISPOSITIVE MOTIONS [L.R. 26-1(b)]

Both Plaintiff and Defendant anticipate filing motions for summary judgment.  The parties acknowledge that some discovery will be necessary in connection therewith, but the parties may be in a position to bring such motions before the close of percipient discovery.  Summary Judgment is anticipated to resolve issues or liability, with the damages remaining for trial.

## VIII. ESTIMATED NUMBER OF *JURY* TRIAL DAYS AND TRIAL-RELATED MATTERS [L.R. 26-1(d)]

The parties estimate that the trial will take four (4) days to present both Plaintiff's

---

[1] The parties recognize that this date is two (2) months later than the usual six (6) month discovery period.  However, because Plaintiff resides in the United Kingdom, the parties recognize that additional time may be required to coordinate with all international players involved.

3
**FRCP 26(f) REPORT**

and Defendant's case in chief.  Further, the parties do not believe that there is any need for severance, bifurcation or other ordering of proof.  The parties agree that trial shall be by jury.

## IX. SETTLEMENT AND ADR PROCEDURES [L.R. 26-1(c)]

Settlement discussions have already begun.  In the event that negotiations do not resolve this matter in the near term, the parties would be amenable to a settlement conference in front of either Magistrate Judge Wistrich or Magistrate Judge Ghandi.  Otherwise, plaintiff prefers private mediation (i.e. settlement procedure number three in Local Rule 16-15.4) and the defendant would prefer either a settlement conference in front of another magistrate and/or the Court's panel of mediators (i.e. settlement procedures number one or two).  The parties anticipate that, in all events, the settlement procedure must be completed by October 31, 2013, or as otherwise deemed appropriate by this court.

## X. ADDITIONAL PARTIES [L.R. 26-1(e)]

Plaintiff and the served Defendants reserve the right to add additional parties within ninety (90) days of the filing of this report should discovery reveal the need to add said additional parties, or in the event they are otherwise appropriate parties.

Plaintiff's additional contentions:

Plaintiff will likely need to amend its complaint for two reasons.

First, pursuant to Defendants recently filed answer, Plaintiff has become aware that Defendant has reorganized in 2013 such that it is operating under a different corporate shell (Spinmedia, Inc.).  While the infringements occurred while Defendant was operating as Buzzmedia, Inc., Plaintiff is in the process of taking discovery unearthing the relationship between both entities.  Accordingly, Plaintiff may need to either add Spinmedia, inc as an additional defendant, or simply make a substitution of defendants.  Depending on the responsiveness of Defendants, and the need for motions to compel, Plaintiff anticipates that it will need up to 90 days to amend its complaint.

Second, Defendant has alleged that its employee – Amy Scarlata - was not an employee at the time that infringements *first occurred*.  Plaintiff disputes this position.

Notwithstanding, it is clear that Ms. Scarlata was employed by Defendant while the infringements were ongoing. Plaintiff is presently taking discovery on the precise relationship between Ms. Scarlata and Defendant. Accordingly, Plaintiff may add Ms. Scarlata as an additional defendant to the action.

### XI. MAGISTRATES

The parties do not consent to having a Magistrate Judge preside over all proceedings in this case.

Dated:  June 6, 2013     **ONE LLP**

By:    /s/ Imran F. Vakil/
   Imran F. Vakil
*Attorneys for Plaintiff,*
*Andrea Carter-Bowman, Ltd.*

Dated:  June 6, 2013     **TANTALO & ADLER LLP**

By:    /s/ Michael S. Adler
   Michael S. Adler
*Attorneys for Defendant Buzzmedia, Inc.*